UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INFORMATION NO. |
| | ) |
| v. | ) 26 U.S.C. § 7201 |
| | ) Tax Evasion |
| WILLIAM BRUNSON | ) |

THE UNITED STATES ATTORNEY CHARGES THAT:

## Introduction

1. At all times material to this Information, the Defendant, **WILLIAM BRUNSON**, was the Executive Director of the Camden County Public Service Authority (PSA).

2. The PSA is a public entity funded primarily from the cities of Kingsland, St. Marys, and Woodbine, Georgia. It is responsible for maintaining those cities' parks and recreation facilities, maintaining Camden County parks and buildings, lawn mowing, and mosquito control among other responsibilities.

3. As the Executive Director, Defendant **BRUNSON** was responsible for the PSA's budget, managing personnel, authorizing expenditures, and paying the employee withholding and employment taxes to the Internal Revenue Service (IRS). As part of his employment with PSA, Defendant **BRUNSON** was issued a credit card by the PSA for use in connection with necessary PSA expenditures.

## Federal Employment Taxes

4. The Federal Insurance Contributions Act (FICA) requires payment of Social Security and Medicare taxes of an employee's wages. An employee is

responsible for paying half of the FICA taxes, and the employer is responsible for paying the other half for each employee's wages.

5. Employers are required by federal tax law to withhold the employee's share of federal employment taxes from each employee's pay. Within thirty days after the end of each quarter (the three-month periods ending March 31, June 30, September 30 and December 31) employers are required to report on the Employer's Quarterly Federal Tax Return, Form 941.

### Defendant's Failure to Pay Over Taxes

6. From 2014 through 2016, FICA and income taxes were withheld from PSA employees' paychecks. Such taxes were required to be paid over to the IRS each quarter, along with the employer's FICA contribution.

7. Between 2014 and 2016, Defendant BRUNSON did not pay over to the IRS any or all of the FICA or income taxes withheld from the PSA employees' payroll, despite having the obligation to do so.

8. Between 2014 and 2016, Defendant BRUNSON failed to pay over to the IRS $224,795.58 of the PSA's employer FICA contribution, $217,960.82 in employees' FICA contributions, and $235,012.00 in PSA employees' withheld income tax.

9. Between 2014 and 2016, Defendant BRUNSON received over $220,000 in W-2 wages from the PSA but neither filed a tax return nor paid any federal income tax for tax years 2014 through 2016.

2

## COUNT ONE
*Tax Evasion*
26 U.S.C. § 7201

From in or about January 2014 through in or about November 2017, in the Southern District of Georgia and elsewhere, the Defendant, **WILLIAM BRUNSON**, a resident of Kingsland, Georgia, did willfully attempt to evade and defeat the payment of substantial payroll tax due and owing by the PSA for quarters ending March 31, 2014; June 30, 2014; and March 31, 2015 through December 31, 2016, by committing the following affirmative acts, among others: using a PSA credit card for personal expenditures, transferring PSA funds to his own account via check withdrawals, and wiring PSA funds to third parties for personal expenditures, all while failing to properly account in the PSA's books and records for funds withdrawn for personal expenditures.

All in violation of Title 26, United States Code, Section 7201.

David H. Estes
First Assistant United States Attorney

Chris Howard
Assistant United States Attorney
*Lead Counsel

Karl Knoche
Assistant United States Attorney
Chief, Criminal Division

3